# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

**Sharmarke Y. Abdi,**

Plaintiff,

v.

**Hennepin County,**

Defendant.

Civil Action No. ___25-cv-3012-PJS/ECW___

RECEIVED

JUL 2 8 2025

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

## COMPLAINT

## JURY TRIAL DEMANDED

## I. INTRODUCTION

1. Plaintiff Sharmarke Y. Abdi ("Plaintiff" or "Mr. Abdi"), a person with a documented physical disability who uses a wheelchair, brings this action against Defendant Hennepin County ("Defendant" or "the County") for violations of the Americans with Disabilities Act of 1990 (ADA), Section 504 of the Rehabilitation Act of 1973, and the Equal Protection Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983.

SCANNED
JUL 2 8 2025
U.S. DISTRICT COURT MPLS

2. Mr. Abdi has served the County in multiple professional capacities since 2014. Despite his dedication and qualifications, he has faced ongoing discrimination, denial of reasonable accommodations, retaliation for protected activity, and harassment based on his disability and other protected statuses.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 12117 (ADA), and § 794a (Rehabilitation Act).

4. Venue is proper under 28 U.S.C. § 1391(b), as the events giving rise to this complaint occurred in Hennepin County, Minnesota.

## III. PARTIES

5. At all relevant times, Plaintiff Sharmarke Y. Abdi:

   a) was an "employee" of Defendant as defined in 42 U.S.C. § 12111(4);

   b) had a disability as defined by 42 U.S.C. § 12102(1)(A), specifically paraplegia requiring use of a wheelchair;

   c) was a "qualified individual" with a disability under 42 U.S.C. § 12111(8);

Page 2 of 11

d) was a "complaining party" as defined in 42 U.S.C. § 1981a(d)(1).

6. Defendant Hennepin County is a public entity and recipient of federal funds, responsible for employing Mr. Abdi and enforcing nondiscriminatory workplace practices. The County is and has been at all relevant times:

a) a "covered entity" under the ADA as defined by 42 U.S.C. § 12111(2);

b) an "employer" as defined in 42 U.S.C. § 12111(5)(A);

c) engaged in governmental agency operations, serving the residents of Hennepin County;

d) located in the state of Minnesota.

## IV. FACTUAL BACKGROUND

### A. Mr. Abdi's Disability and Accommodation History

7. Mr. Abdi has a disability within the meaning of the ADA, specifically paraplegia resulting from a spinal cord gunshot injury. He uses a wheelchair, a fact known to his employer. Since January 27, 2014, he has held multiple positions with Hennepin County, including current roles as a Senior Social Worker at Embedded Police Social Worker (EPSW) and Community Outreach for Psychiatric Emergencies (Cope).

8. Since November 2019, Hennepin County has discriminated against Mr. Abdi based on his disability and race. He has been repeatedly denied reasonable accommodations and retaliated against for exercising his protected rights under the ADA. Mr. Abdi has filed complaints with the Equal Employment Opportunity Commission ("EEOC"), Minnesota Department of Human Rights ("MDHR"), and brought civil actions in federal courts, including the Eighth Circuit Court of Appeals.

9. Due to his protected activity, the County continues to retaliate against Mr. Abdi and subject him to ongoing discriminatory treatment.

**B. Denial of Accommodation and Retaliation (January 2024 – Current)**

10. On January 18, 2024, Mr. Abdi requested that the County remove snow from the parking area to allow accessible passage to his vehicle, along with a schedule change due to disability-related needs.

11. On January 19, 2024, the County denied this request without engaging in an individualized assessment or the interactive process. Mr. Abdi was instead told to contact the Sheriff Sergeant on duty for 'courtesy' snow removal.

12. On February 14, 2024, after working a late shift during snowfall, Mr. Abdi called the Sheriff Sergeant for assistance but was told she was busy and had to wait.

13. Mr. Abdi informed his supervisor that he was outside in the cold, waiting for assistance while his two able-bodied coworkers had already departed safely without impediment.

14. Second telephone call, the Sergeant told Mr. Abdi to contact the Plymouth Police Department. Mr. Abdi was left outside in the cold for approximately 50 minutes.

15. Mr. Abdi recorded conversations with the Sergeant and supervisor, which he maintains demonstrate discriminatory differential treatment.

In addition, Winter of 2024 and 2025, Mr. Abdi continued to suffer with no plan of clearing snow in the parking lot with multiple instances of stranded, delays, unpaid, and discriminatory treatment. The County refused to accommodate Mr. Abdi attached indoor garage during the months of winter.

**C. Retaliation and Harassment**

**Retaliation 1 – Parking Changes:**

16. On February 21, 2024, Mr. Abdi was informed by his supervisor that he was barred from using a previously accessible parking space and required to use a distant, rear parking area.

17. This change forced Mr. Abdi to traverse uneven terrain, which damaged his wheelchair and posed unnecessary hardship.

**Retaliation 2 – Negative Performance Review:**

18. In April 2024, Mr. Abdi received a negative performance review with allegations of frustration directed at dispatch staff, which he disputes as false and retaliatory.

19. Mr. Abdi asked to submit audio evidence disproving the accusations, but the County refused to amend the review.

20. The negative review was placed in Mr. Abdi's HR record, hindering his ability to secure promotions within the County despite progressing to second interviews in multiple instances.

**Retaliation 3 – Bathroom Access Obstruction:**

21. Between March and August 2024, chairs and exercise equipment were regularly placed in Mr. Abdi's path to the restroom. The County failed to address multiple complaints about this issue.

22. On September 9, 2024, Mr. Abdi formally requested removal of the barriers as a reasonable accommodation.

23. On September 10, 2024, the County denied the request, forcing Mr. Abdi to take an alternate, longer path.

24. This caused adverse health effects, including incontinence and emotional distress.

**Retaliation 4 – Unauthorized Union Dues**:

25. Mr. Abdi holds a secondary, non-union limited duration position. From October 11, 2021, after he filed an EEOC charge, the County began deducting union dues without authorization, despite no legal obligation.

26. Mr. Abdi requested a stop and refund of these illegal deductions, which the County has refused, causing financial hardship.

**Harassment 1 – Perfume Accusation:**

27. In mid-2024, Mr. Abdi was falsely accused of wearing perfume. His supervisor called a Sheriff Sergeant to 'sniff' him, causing humiliation.

28. This incident led to anxiety about basic grooming, including the use of deodorant, due to fear of future accusations.

**Harassment 2 – False Vehicle Scratch Accusation**:

29. On September 24, 2024, Mr. Abdi was falsely accused of scratching a vehicle. Despite requesting proof, the accusation was never substantiated or withdrawn.

**Additional Denial of Work-from-Home Accommodation:**

30. In September 2024, during a construction period that blocked accessible entrances, Mr. Abdi requested to work from home, which was denied.

31. He was forced to use inaccessible entrances, causing physical and emotional distress and resulting in unnecessary use of paid time off.

**Administrative Exhaustion**

32. On October 29, 2024, Mr. Abdi filed an EEOC charge against the County. (See Exhibit A).

33. On April 28, 2025, Mr. Abdi requested a Notice of Right to Sue. More than 180 days had passed since the original filing.

34. On May 1, 2025, the EEOC issued the Notice. (See Exhibit B).

35. Mr. Abdi files this lawsuit within 90 days of receiving the Right to Sue notice.

## V. CLAIMS FOR RELIEF

### Count I – Discrimination Under the ADA (42 U.S.C. § 12112)

36. Defendant failed to provide reasonable accommodations and treated Mr. Abdi less favorably than similarly situated non-disabled employees, in violation of the Americans with Disabilities Act.

### Count II – Retaliation Under the ADA (42 U.S.C. § 12203)

37. Defendant retaliated against Mr. Abdi for engaging in protected activity, including requests for reasonable accommodations and the filing of discrimination complaints.

### Count III – Violation of Section 504 of the Rehabilitation Act (29 U.S.C. § 794)

38. Defendant is a recipient of federal financial assistance and subjected Mr. Abdi to discrimination based on disability, in violation of Section 504 of the Rehabilitation Act.

### Count IV – Equal Protection Violation (42 U.S.C. § 1983)

39. Defendant, acting under color of state law, deprived Mr. Abdi of equal protection of the laws under the Fourteenth Amendment by treating him differently on the basis of his disability.

**Count V – Hostile Work Environment**

40. The cumulative effect of Defendant's conduct—including harassment, obstruction of access, false accusations, and refusal to accommodate—created a hostile work environment in violation of federal law.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant the following relief:

A. A declaration that Defendant's conduct violated the ADA, Section 504 of the Rehabilitation Act, and the U.S. Constitution;

B. Injunctive relief requiring Defendant to provide all reasonable accommodations and remove retaliatory records from Mr. Abdi's employment file;

C. Compensatory damages for emotional distress, pain, suffering, humiliation, and loss of dignity;

D. Punitive damages to deter future misconduct;

E. Reimbursement for unauthorized union dues deducted from Mr. Abdi's paycheck;

F. Attorney's fees and costs, if later represented;

G. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 28, 2025

Respectfully submitted,

/s/ Sharmarke Abdi

Sharmarke Y. Abdi

Pro Se Plaintiff

P.O. Box 1136

Maple Grove, MN, 55311

Email: buurgaab101@gmail.com

Phone: (615) 573-2486